UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARRIE LITTLE,

    Plaintiff,

-v-

ARGINV 8787, LLC d/b/a DENNY'S,
A Florida Limited Liability Company,

    Defendant.
_____/

Case No.
Judge:
Magistrate:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Carrie Little ("Little" or "Plaintiff") by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, ARGINV 8787, LLC, a Florida Limited Liability Company, d/b/a Denny's ("Defendant") and states:

**NATURE OF COMPLAINT**

1. This is a claim by Plaintiff against her former employer, Defendant, for damages, liquidated damages, and reasonable attorneys' fees for Defendant's violation of her rights under the Family's First Coronavirus Response Act of 2020 ("FFCRA").

**JURISDICTION AND VENUE**

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331.

3. Defendant does business within this judicial district, with its principal place of business in Cape Coral, Florida.

4. Additionally, the unlawful employment practices alleged in this

1

Complaint were committed within this judicial district.

5. Therefore, in accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

6. Plaintiff is a citizen of the United States of America and a resident of the State of Florida.

7. Plaintiff is subject to the jurisdiction of this Court.

8. Defendant is qualified and licensed to do business in Florida, and at all times material hereto has conducted business within this District.

9. Defendant is a Florida, Limited Liability Company qualified and licensed to do business in Florida, and at all material times hereto operated its principal place of business within this District.

10. Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Yasir Billoo, at 2122 Hollywood Blvd., Hollywood, Florida 33020.

## FACTUAL ALLEGATIONS

11. Plaintiff began working for Defendant in approximately July 2012 as a server.

12. Plaintiff suffers from Post Traumatic Stress Disorder (PTSD).

13. On June 16, 2020, Plaintiff was involved in an incident that triggered her PTSD.

14. Plaintiff received treatment from her physician as a result of this incident at the physician's office.

15. On June 23, 2020, Plaintiff's physician advised that the office had been exposed to COVID-19 on the same day that Plaintiff received treatment for her PTSD.

16. After Plaintiff was advised of her potential exposure to COVID-19, Plaintiff advised her supervisor, Sandra, of same.

17. Plaintiff was advised that she was not permitted to return to work until she received a negative COVID-19 test result.

18. Therefore, Plaintiff took protected leave pursuant to the FFCRA.

19. Plaintiff was tested for COVID-19 on June 27, 2020.

20. Plaintiff received a negative test result on July 9, 2020.

21. Throughout the duration of the time that Plaintiff was awaiting her test results, Plaintiff kept her supervisor apprised of the situation, periodically advising her supervisor that she had yet to receive her test results despite multiple follow-ups to the testing site.

22. When Plaintiff received the negative test result on July 9, 2020, Plaintiff forwarded the results to her supervisor so that she could be scheduled for work.

23. Plaintiff's supervisor advised Plaintiff that she needed to forward the test results to Defendant's corporate management prior to placing Plaintiff back on the schedule.

24. Despite numerous follow-ups with her supervisor, Plaintiff received no response.

25. Therefore on July 15, 2020, Plaintiff went to her place of employment and physically handed her supervisor documentation demonstrating that she had tested negative for COVID-19.

26. Plaintiff also requested that she be paid for her absence pursuant to the FFCRA.

27. Plaintiff was advised that the documentation needed to reviewed by Defendant's corporate management and its attorney.

28. Thereafter, Plaintiff followed up with her supervisor on numerous occasions asking if she could be placed back on the work schedule.

29. However, Plaintiff was never scheduled to work again.

30. Instead, on July 23, 2020, Plaintiff was terminated over the telephone.

31. Plaintiff's termination was in retaliation for her taking protected leave pursuant to the FFCRA.

32. Plaintiff's termination was in retaliation for her requesting payment she was lawfully entitled to pursuant to the FFCRA.

## COUNT I
## FFCRA RETALIATION

33. Plaintiff realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. At all times material to this Complaint, Defendant was a covered employer under the FFCRA because Defendant has been a private employer and has had fewer than five hundred (500) employees.

35. Plaintiff was an employee under the FCRA eligible for paid leave.

36. At the time of her request for leave Plaintiff had been employed by Defendant for at least 12 months.

37. Plaintiff took leave pursuant to the FFCRA based on her exposure to COVID-19.

38. Defendant was aware Plaintiff was taking leave pursuant to expose to COVID-19 and advised her that she could not return to work prior to providing a negative test result.

39. Defendant terminated Plaintiff's employment because she took leave under the FFCRA based upon her bona fide need to care for herself due to the COVID-19 pandemic.

40. Defendant terminated Plaintiff's employment because she demanded payment under the FFCRA.

41. Defendant cannot meet its burden of proving that providing Plaintiff with leave would have jeopardized the viability of its business.

42. As a result of Defendant's willful violations of the FFCRA Plaintiff is entitled to liquidated damages.

43. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages, plus incurring costs and reasonable attorneys fees.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following remedies:

    a.    Wages, employment benefits, or other compensation denied or lost as a result of such violation including but not limited to back pay and front pay;

    b.    Liquidated damages for lost wages and benefits and prejudgment interest thereon;

    c.    Reasonable attorneys fees and expenses of litigation;

    d.    Prejudgment interest at the rate allowed by law;

    e.    Declaratory relief that Defendant has violated Plaintiff's statutory rights;

    f.    All other relief to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Respectfully submitted,

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura (FL Bar No. 1002876)
Rafuls Law Group
12555 Biscayne Blvd #944
North Miami, FL 33181
Tel: (305) 798-6988
Email: chanelle@rafulslaw.com

*Counsel for Plaintiff*